Scrivner et al. *v.* The State of Ohio.

(Decided May 20, 1929.)

*Mr. Karl Clark,* for plaintiffs in error.

*Mr. B. F. Primmer,* prosecuting attorney, for defendant in error.

HAMILTON, J.  Plaintiffs in error, Irie Scrivner, Clarence McCollum, and Denver Powell, were indicted and convicted of the charge of automobile stealing.  They were indicted and tried jointly.  Motion for a new trial was overruled, and sentence was pronounced by the court against all the defendants. From that judgment, error is prosecuted in this court.

The only question of error raised concerns the admission in evidence of the signed confession of two of the defendants, plaintiffs in error here.  Two reasons are urged why the signed confession is inadmissible: First, that the confession was not voluntary; and, second, that the confession was only signed by two, and should, therefore, not have been admitted against the three defendants, who were being tried jointly.

The record discloses that after introducing several witnesses, who testified concerning the theft, including several police officers, who testified concerning admissions made by all of the defendants, the finding of the defendants in possession of the stolen car, and other pertinent matters, the state offered the signed confession.  The defendants' counsel objected, claiming the confession was not signed voluntarily.  Thereupon, in the absence of the jury, the court heard the testimony concerning the signing of the confession, and, after full hearing, the court ad-

mitted the confession. In this the court was fully justified, and, in so far as that phase of the case is concerned, the court did not commit error.

The other point, that the confession was signed by but two of the defendants, and should not have been admitted on that account, raises a serious question. However, the question seems to have been decided by the Supreme Court in this state in the case of *Goins* v. *State,* 46 Ohio St., 457, 21 N. E., 476, wherein the court held in the fourth paragraph of the syllabus:

"On the trial of one of several defendants jointly indicted for an offense, the declarations of a co-defendant, made in the absence of the defendant on trial, in furtherance of the common purpose, are admissible when a *prima facie* case of conspiracy has been made."

Again in the case of *State* v. *Doty,* 94 Ohio St., 258, 113 N. E., 811, it is held in the third paragraph of the syllabus:

"Where a signed confession details the defendant's connection with the crime charged and also contains an account of flight shortly following the crime and the actions of himself and one or more of his confederates, the entire confession is competent and relevant * * *."

The sixth paragraph of the syllabus reads:

"When a conspiracy has been established *prima facie,* the testimony of a confederate, tending to prove that the defendant paid him money the day after the homicide for services in connection therewith, is competent."

The confession introduced in evidence is as follows:

"November 15th, 1928.

"We the undersigned wish to make the following

statement in reference to the Studebaker touring car that we stole from 213 Warwick Ave. on the night of November 14th, 1928.

"In company with Howard Scriberner, who lives on Lincoln Ave., and Denver Powell, who lives on See Ave., we rode around the city of Hamilton and then went to a church in Armandale and stayed there awhile, and then left there and decided that we would steal a car, and when we arrived on Warwick Ave., Powell and Clarence McCullum got out of the automobile we had been riding about in and they got into the Studebaker car and told us to meet them in East Hamilton.

"Forest Halcomb and Howard Scriberner met Powell and McCullum, and McCullum, Halcolm, and Scriberner got into the Studebaker and rode to Trenton and Middletown, and when going through Middletown the police chased us on account of us having our cut-out open, and when we did not stop they shot at us, and I, McCullum, was struck on the back bringing the blood, but not entering the flesh.

"All four of us knew this Studebaker was a stolen automobile.

"Forest Halcomb.<br>"Clarence McCollum.

"Witness:

"J. C. Calhoun.

"Oscar Decker."

The record discloses that not only was a *prima facie* case of conspiracy to steal the car proven by the state prior to the offering of the confession, but the conspiracy and crime were clearly established, and are not controverted or denied. The defendants offered no evidence in the case in their defense.

Under the authority of the decisions above referred to, the confession was admissible. Moreover, the exception was a general exception, and, the confession being clearly admissible as against two of the defendants, a specific exception was necessary to limit the admissibility thereof to them, if the law so required.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.